O

# United States District Court
# Central District of California

| | |
|---|---|
| LORI JOHNSON,<br><br>                    Plaintiff,<br><br>       v.<br><br>WALMART, INC., et al.,<br><br>                    Defendants. | Case № 2:21-cv-08662-ODW (GJSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [20]** |

## I.  INTRODUCTION

On May 20, 2021, Plaintiff Lori Johnson initiated this action in state court against Defendants Walmart Inc. and "David," an individual. (Notice of Removal ("NOR"), Ex. 1 ("Complaint" or "Compl."), ECF No. 1-1.) On November 3, 2021, Walmart removed the case to this Court based on diversity jurisdiction. (NOR, ECF No. 1.) Johnson now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 20.) For the reasons below, the Court finds it has subject matter jurisdiction and accordingly **DENIES** Johnson's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

As Johnson alleges, on June 28, 2020, Johnson was visiting Walmart's store to purchase miscellaneous items. (Compl. ¶¶ 8, 14.) After entering the store, Johnson slipped on a substance on the floor and fell, sustaining injuries. (*Id.*) Johnson alleges that an individual named David was the supervisor of the store responsible for maintenance at the time of her fall. (*Id.* ¶ 3.)

Johnson originally filed this action in state court, asserting causes of action for negligence and premises liability against Walmart and "David". (*Id.* ¶¶ 7–17.) Walmart later removed this action to federal court based on diversity jurisdiction, asserting that: (1) Walmart is a citizen of Arkansas and Delaware; (2) Johnson is a citizen of California; (3) David's citizenship should be disregarded; and (4) the amount in controversy exceeds $75,000. (NOR 3.) Therefore, Walmart contends that this Court has subject matter jurisdiction.

On November 9, 2021, the Court questioned its jurisdiction and ordered Walmart to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. (Order Show Cause ("OSC"), ECF No. 10.) On November 22, 2021, Walmart responded to the Court's Order to Show Cause, (Resp. OSC, ECF No. 11), and amended its Notice of Removal, (Am. NOR, ECF No. 11). On November 24, 2021, the Court, satisfied with Walmart's showing and amended notice of removal, discharged the Order to Show Cause. (Min. Order, ECF No. 13.)

On April 28, 2022, Johnson moved to remand on the ground that Walmart failed to establish diversity jurisdiction. (*See generally* Mot.) In her Motion, Johnson asserts that David, whose real identity is unknown, is a citizen of California and defeats diversity. (*Id.* at 21.) Johnson also contends that Walmart has failed to establish that the amount in controversy exceeds $75,000. (*Id.* at 23.) Finally, Johnson seeks attorneys' fees in association with her Motion. (*Id.* at 28–30.) Walmart opposes the Motion. (*See* Opp'n, ECF No. 22.) Johnson did not file a Reply.

2

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit is filed in state court, the suit may be removed to federal court only if federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction when an action arises under federal law or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

Courts strictly construe the removal statute against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

### IV. DISCUSSION

The Court finds that it has subject matter jurisdiction because the parties are diverse and the amount in controversy is met. Accordingly, as explained below, the Court denies Johnson's Motion to remand and request for attorneys' fees.

**A. Diversity of Citizenship**

At the outset, it is uncontroverted that there is complete diversity of citizenship between Johnson and Walmart. Johnson is a citizen of California and Walmart is a citizen of Delaware, where it is incorporated, and of Arkansas, where it holds its principal place of business. (NOR 3.) However, Johnson contends that Walmart has failed to establish diversity of citizenship because Johnson alleges that David is a citizen of California. (Mot. 2, 21; Compl. ¶ 3.) The Court disagrees, and finds that the parties are diverse from each other because David is a fictitious defendant whose citizenship may be disregarded.

"In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) . . . the citizenship of defendants sued under fictitious names

3

shall be disregarded." 28 U.S.C. § 1441(b)(1). The Ninth Circuit has explicitly held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Some courts have found a distinction between "fictitious" and "real" Does. *See, e.g.*, *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015). Courts considering this distinction assess whether the "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action." *Id.*; *see Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1083 (C.D. Cal. 2020).

Johnson contends that David is not "wholly fictitious" and may not be disregarded. (Mot. 21.) The Court disagrees. Without including a last name or any other identifying details, Johnson merely identifies David as "a supervisor and/or manager of the store at the time of Plaintiff's slip and fall" who was "responsible for the maintenance of the store." (Compl. ¶ 3.) This description is not specific enough to suggest David's identity and therefore is insufficient to render David a real Defendant.

Moreover, Johnson has been unable to supplement David's identity, even after conducting discovery. Walmart provided Johnson witness statements and an incident report. (*See* Decl. Meghan E. Turner ISO Opp'n ¶¶ 6, 7, Exs. 1, 2, ECF No. 22-3.) Neither lists any employee named David. At the time of the incident, there were no managers responsible for maintenance of the store named David.[2] (Decl. Denisce Quizaman ISO Am. NOR ¶ 8, ECF No. 12-12.)

---

[2] In any case, as Walmart correctly points out, a person's place of employment alone does not implicate their citizenship status. *See Garcia v. Walmart, Inc.*, No. 2:22-cv-00371-SVW-MRW, 2022 WL 796197, at *3 (C.D. Cal. March 16, 2022) ("[A] person's place of employment does not certainly implicate their citizenship status, especially in a state as diverse as California comprised of out-of-state college students, immigrants from different countries and many other multinationals." (internal quotation marks omitted)). Therefore, even if David was properly identified as a real party to this action, the Court still could not, at this time, conclude that David indeed is a California citizen and defeats diversity.

Therefore, David is a fictitious defendant. Pursuant to the plain language of 28 U.S.C. § 1441(b)(1) and Ninth Circuit precedent, this Court cannot consider David's citizenship unless and until Johnson seeks leave to substitute a named defendant. Accordingly, this Court looks only to the citizenships of Johnson and Walmart and finds that complete diversity exists for the purpose of establishing subject matter jurisdiction.

### B. Amount in Controversy

Johnson contends that Walmart fails to establish that the amount in controversy exceeds $75,000. (Mot. 23–26.) However, the Court finds that the amount in controversy is met because Johnson has previously admitted that the amount in controversy exceeds $75,000.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff disputes the alleged amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

Johnson does not allege a specific amount of damages, but seeks to recover general damages, medical expenses, loss of earnings, interest, and costs of suit. (Compl. 5, Prayer for Relief.) Walmart plausibly alleges that the amount in controversy exceeds $75,000, (NOR 3), and supports this allegation with Johnson's own admission, in response to Walmart's Request for Admissions, that her damages

exceed $75,000, (Decl. Meghan Turner ISO NOR ("Turner Decl. ISO NOR"), Ex. 7 No. 48, ECF No. 1-7; Turner Decl. ISO NOR, Ex. 8 No. 48, ECF No. 1-8).  Thus, Walmart has established removal jurisdiction with evidence rather than by mere speculation and conjecture based on unreasonable assumptions.  *See Garcia*, 2022 WL 796197, at *1 n.1 (C.D. Cal. Mar. 16, 2022) (finding that the amount in controversy was satisfied because in the plaintiff's response to requests for admission, the "Plaintiff explicitly admitted that he seeks damages in excess of $75,000"). Accordingly, the Court finds the amount in controversy exceeds $75,000 for the purpose of establishing diversity jurisdiction and that the Court therefore finds that it has subject-matter jurisdiction over this action.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Johnson's Motion to Remand, (ECF No. 20), and **DENIES** Johnson's request for attorneys' fees and costs incurred in association with the Motion.

**IT IS SO ORDERED.**

June 30, 2022

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**